■ JOAN STOBER, as Administratrix of the Estate of Bankole E. Stober, Appellant, v. CITY OF COHOES, NEW YORK, Respondent.—Judgment and order affirmed, without costs. No opinion. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM HARRIS, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. — Appeal from an order of the Supreme Court, Clinton County, denying relator's petition for a writ of habeas corpus. On October 10, 1956 upon conviction of burglary, third degree and grand larceny, second degree, relator was committed to the Reception Center of the Department of Correction at Elmira. On November 15, 1956 relator was transferred from the Reception Center to the Clinton Prison hospital ostensibly for treatment of tuberculosis. After spending a period of from 3 to 4 months in the prison hospital relator was transferred to Clinton Prison where he remained until he was paroled on September 9, 1958. On January 13, 1960 upon conviction of robbery, first degree, relator was sentenced to a term of from 15 to 20 years at Sing Sing Prison. At that time relator owed 2 years, 2 months, 1 day delinquent time on his first sentence. Relator alleges in his petition that he received no medical treatment for tuberculosis during his confinement in the Clinton Prison hospital, that he could not have been properly classified during his five-week stay at the Reception Center and that therefore his transfer from the Reception Center to Clinton Prison was improper. As relief, he seeks to have his first conviction " be declared Null and Void and expunged from the record ". Relator does not, however, challenge the validity of either his first or second conviction. We find no merit in relator's contentions. It is well settled that " under ordinary circumstances a mere transfer (as distinguished from a commitment for insanity) is purely an administrative matter, and a prisoner has no standing to choose the place in which he is to be confined " (*People ex rel. Brown* v. *Johnston*, 9 N Y 2d 482, 484; *People ex rel. Sacconanno* v. *Shaw*, 4 A D 2d 817). By the explicit language used by the Court of Appeals therein, *People ex rel. Brown* v. *Johnston* (*supra*, p. 484), did not change this rule as urged by relator but merely created an exception thereto for " removals, in cases of alleged insane prisoners ". Order unanimously affirmed, without costs. Present— Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.